UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 19-172-DCR |
| Plaintiff/Respondent | ) | and |
| | ) | Civil Action No. 5: 24-131-DCR |
| V. | ) | |
| | ) | |
| MARIO VELASQUEZ-GOMEZ, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Mario Velasquez-Gomez's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2254. [Record No. 210] In addition, Velasquez-Gomez has filed two motions to amend his initial filing. [Record Nos. 219 and 220] Consistent with local practice, the motions were referred to United States Magistrate Judge Candace J. Smith for issuance of a Report and Recommendation ("R&R"). On November 25, 2024, Magistrate Judge Smith issued her R&R, recommending that all pending motion be denied. [Record No. 222] Velasquez-Gomez did not file objections to the R&R within the time provided.

The Court reviews *de novo* any parts of a R&R to which a party objects, but it is not required to review a magistrate judge's factual or legal conclusions when no objections are timely filed. *Thomas v. Arn*, 474 U.S. 140 (1985). Here, although neither party filed timely objections here, the undersigned has reviewed *de novo* the issues presented and magistrate judge's R&R and agrees with all of her findings and conclusions.

Following review of the factual and procedural history of the matter, Magistrate Judge Smith first addressed the defendant's motions to amend and concluded that they were untimely. [*Id*. at pp. 7-13] Velasquez-Gomez's first motion to amend was signed on August 2, 2024, with the certificate of service and postage reflecting that it was mailed from Memphis, Tennessee, where the defendant was incarcerated. Because Velasquez-Gomez failed to deposit it into FCI Memphis's internal mail system on or before July 24, 2024, the additional claim in the motion is time-barred. Likewise, compelling evidence indicates that his second motion to amend was not given to prison authorities for filing on the date it was signed, and he did not avail himself of the prison mailing system to receive the benefits of the prison mailbox rule. Further, neither proposed amendment relates back to the date of the defendant's originally filed motion as the magistrate judge explains in her well-reasoned opinion. [*Id.* at pp. 11-13] In addition to being untimely, the merits of the issues raised through the proposed amendments do not merit relief as explained below and in the magistrate judge's R&R [*Id.* at pp. 28-34]

Turning to the merits of the issues raised by the defendant, Magistrate Judge Smith correctly concludes that Velasquez-Gomez trial counsel did not provide ineffective assistance at or prior to the defendant's arraignment (Ground One). [*Id.* at pp. 14-19] The parties never entered into a written plea agreement in this case, contrary to the defendant's representations. And contrary to his assertions, the defendant did receive the benefit of entering a guilty plea through a two-level reduction to his sentencing guideline calculation for acceptance of responsibility.

Further, as outlined at pages 16 through 17 of the R&R, Valesquez-Gomez acknowledged under oath at the time of his guilty plea to two counts that no one had advised him that he would receive a specific sentence. Additionally, he was fully advised by the Court

of the potential penalties he faced upon his guilty plea to those counts. Thus, while the defendant asserts that he believed he would only receive a ten-year sentence, any "misunderstanding" he now claims was cured through his plea colloquy with the Court.

Likewise, Velasquez-Gomez did not receive ineffective assistance of counsel during his sentencing hearing, notwithstanding his present claim (Ground Two). [*Id.* at pp. 19-26] Contrary to the defendant's argument, attorney Baldani challenged Ruvalcaba's testimony during the sentencing hearing, albeit unsuccessfully. In addition, he strongly objected to the converted drug weight attributed to him through relevant conduct under section 1B1.3 of the United States Sentencing Guidelines. Next, as thoroughly discussed by the magistrate judge, Velasquez-Gomez has not shown that he suffered prejudice by this alleged error. Simply put, "Velasquez-Gomez is unable to show 'there is a reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different' [because] the Court correctly applied U.S.S.G. § 1B1.3 *Strickland,* 466 U.S. at 694." [*Id.* at p. 24]

Next, Velasquez-Gomez's claim of prosecutorial retaliation is unavailing (Ground Three). There is no objective evidence that the government acted with vindictiveness in introducing Ruvalcaba's testimony during the sentencing hearing. Instead, the record clearly demonstrates that Ruvalcaba was in-route to testify at trial and would have done so but for the delays experienced in transportation by the United States Marshals Service. But equally important, the United States' actions in calling Ruvalcaba to testify regarding drug quantity attributed to the defendant was reasonable considering his objections to the Presentence Investigation Report. [*See* Record No. 154.]

As noted above, while the defendant's Fourth and Fifth Grounds contained in the two motions to amend are time-barred, they also fail on the merits. [Record No. 222, pp. 28-34] Through Ground Four, Velasquez-Gomez asserts that his attorneys were ineffective by failing to argue that this Court abused its discretion by instructing the jury to disregard the testimony of Ruvalcaba. However, Ruvalcaba *never testified during trial* and the claimed improper instruction *was never given* to the jury. [*See* Jury Instructions, Record No. 142.] Ruvalcaba, however, did offer credible testimony during the defendant's sentencing hearing over Baldani's objections. Regarding the additional claims concerning attorney Camp (the defendant's appellate counsel), the magistrate judge correctly notes that inclusion of the issues Velasquez-Gomez contends should have been included would not have made any difference in the outcome of the case because they lack sufficient justification in the record. [Record No. 222, at p. 32]

Finally, in Ground Five, Velasquez-Gomez asserts that his trial and appellate counsel failed to argue the "proximity rule" with respect to his section 924(c) offense. But as the magistrate judge points out, the government did not rely solely on the proximity between the gun and the controlled substances to support its theory of constructive possession. And contrary to the defendant's claims, Baldani and Camp argued these issues to the jury and to the appellate court. Thus, the defendant's arguments to the contrary are not only time-barred, but they are also factually erroneous.

Based on foregoing discussion and analysis, the Court will not issue a Certificate of Appealability on any issue. Velasquez-Gomez has not demonstrated that reasonable jurists would find that this Court's assessment of any constitutional claim is debatable or wrong. *Slack v. McDaniels*, 529 U.S. 473, 484 (2000). Likewise, reasonable jurists would not find it

debatable that this Court procedural ruling is correct. *Id*. at 484. Reasonable jurists would not debate the denial of Velasquez-Gomez's § 2255 motion or conclude that the issues presented "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, it is hereby

**ORDERED** as follows:

1. United States Magistrate Judge Candace J. Smith's Report & Recommendation [Record No. 222] is **ADOPTED** and **INCORPORATED** here by reference.

2. Defendant/Movant Velasquez-Gomez's motions to amend [Record Nos. 219 and 220] are **DENIED**.

3. Defendant/Movant Velasquez-Gomez's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 [Record No. 210] is **DENIED**.

4. Defendant/Movant Velasquez-Gomez's related collateral civil proceeding is **DISMISSED** and **STRICKEN** from the docket.

5. A Certificate of Appealability will not issue.

Dated: December 16, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky